OPINION
Appellant Gerald Wayne Robbins appeals a judgment of the Stark County Common Pleas Court classifying him as a sexual predator pursuant to R.C. 2950.09:
ASSIGNMENTS OF ERROR:
 I. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS THE HOUSE BILL 180 PROCEEDINGS AGAINST HIM ON EX POST FACTO GROUNDS.
 II. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS THE H.B. 180 PROCEEDINGS AGAINST HIM ON RETROACTIVE APPLICATION GROUNDS.
 III. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS THE H.B. 180 PROCEEDINGS AGAINST HIM ON DOUBLE JEOPARDY GROUNDS.
 IV. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS BECAUSE H.B. 180 IS UNCONSTITUTIONALLY VAGUE.
 V. THE TRIAL COURT ERRED IN DENYING APPELLANT'S REQUEST FOR A CONTINUANCE OF THE H.B. 180 CLASSIFICATION HEARING.
 VI. THE TRIAL COURT ERRED IN CLASSIFYING APPELLANT AS A PREDATOR WITHOUT A RECORD OF CLEAR AND CONVINCING EVIDENCE TO SUPPORT THE FINDING.
In 1989, appellant was indicted by the Stark County Grand Jury with one count of Rape and one count of Kidnapping. Appellant pled guilty as charged, and was sentenced to indeterminate terms of incarceration of seven to twenty-five years on each count, to be served concurrently. Appellant filed no appeal from the judgment of conviction and sentence. On January 1, 1997, House Bill 180 (H.B. 180) went into effect. Pursuant to the requirements of this Bill, the Warden of the prison where appellant was incarcerated reviewed his case, and recommended that appellant be classified as a sexual predator for purposes of R.C. Chapter 2950. The case proceeded to a hearing on this recommendation in the Stark County Common Pleas Court. Following the hearing, the court found appellant to be a sexual predator subject to all the requirements of R.C. Chapter 2950.
 I. II.
In his first two Assignments of Error, appellant argues that R.C. Chapter 2950 violates the ex post facto and retroactivity clauses of the United States and Ohio Constitutions. These Assignments of Error are overruled on the authority of State vs. Cook (1998),83 Ohio St.3d 404, paragraphs one and two of the syllabus.
 III. IV.
In his third and fourth Assignments of Error, appellant argues that the sexual predator classification violates constitutional prohibitions on double jeopardy, and the classification statute is unconstitutionally vague. These Assignments of Error are overruled on the authority of State vs. Albaugh (February 1, 1999), Stark App. No. 1997CA00167 and 1997CA00222, unreported.
 V.
Appellant argues that the court abused its discretion in denying his request for a continuance of the sexual predator hearing. Appellant requested a continuance on the basis that he had a parole hearing scheduled, but was unlikely to receive parole at that time. He argued that because the sexual predator hearing was held well in advance of his potential release date, he did not have an opportunity to build a positive institutional record. This court has previously considered arguments that the sexual predator hearing should be continued until nearer the defendant's release date, as it would give him an opportunity to build a positive institutional record. We have rejected these claims. Albaugh, supra; State vs. McIntyre (February 1, 1999), Stark App. No. 1997CA00366, unreported. The court did not abuse its discretion in overruling the motion to continue. The fifth Assignment of Error is overruled.
 VI.
Appellant argues that the judgment finding him to be a sexual predator is against the manifest weight of the evidence. "Sexual predator" is defined as a person who is convicted of or pleads guilty to sexually oriented offense, and is likely to engage in the future in one of more sexually oriented offenses. R.C.2950.01(E). In determining whether a particular offender is a sexual predator, the trial court is to consider a number of non-exclusive factors: (a) The offender's age; (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses; (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed; (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims; (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting. (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders.; (g) Any mental illness or mental disability of the offender; (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse; (I) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty; (j) Any additional behavioral characteristics that contribute to the offender's conduct.
R.C. 2950.09(B)(2).
At the sexual predator hearing in the instant case, the State presented evidence that appellant had used force by way of threats and a knife to drag a woman, who was a complete stranger to him, into a secluded wooded area. Appellant was forty-seven years old; the victim was fifty-six years old. Appellant then raped the woman vaginally at knife point. In 1970, appellant was convicted of one count of Rape. In 1971, appellant was convicted of one count of Kidnapping and one count of Assault with Intent to Rape. Finally, in 1979, appellant was convicted for one count of Rape with force. There was clearly sufficient evidence to support the court's conclusion that appellant was a sexual predator as defined by the statute. The sixth Assignment of Error is overruled.
The judgment of the Stark County Common Pleas Court is affirmed.
By:
Reader, V.J. Gwin, P. J. and Hoffman, J. concur.